Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:   (310) 712-6600
Fax:   (310) 712-8800

*Attorneys for Defendant*
*Valeant Pharmaceuticals North America LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

R&O PHARMACY, LLC, a
California limited liability
company,

                    Plaintiff,

          v.

VALEANT
PHARMACEUTICALS NORTH
AMERICA LLC, a Delaware
limited liability company,

                    Defendant.

Case No. 2:15-cv-07846-SJO(JEMx)

**DEFENDANT VALEANT
PHARMACEUTICALS NORTH
AMERICA LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DECLARATORY RELIEF**

Defendant Valeant Pharmaceuticals North America LLC ("Valeant"), through its counsel, hereby answers Plaintiff's Complaint for Declaratory Judgement (the "Complaint") as follows:

## I.  INTRODUCTION

Plaintiffs' Complaint contains an unnumbered introductory paragraph. In response, Valeant denies these allegations and states further that Plaintiff's Complaint contains allegations intended to mislead the Court.  Valeant has set forth, in detail, the facts and evidence demonstrating that R&O owes significant amounts to it in Valeant's counterclaim, filed today with this Court.  Valeant specifically avers that Plaintiff R&O Pharmacy, LLC ("R&O Pharmacy") received invoices, shipping materials, bills of lading, and other ordinary course documents related to its significant orders of Valeant medications.  R&O Pharmacy's allegation that Valeant does not have "a single shred of evidence to support its claims" is simply false.

## II.  JURISDICTION AND VENUE

1.      As its response to paragraph 1, Valeant states that paragraph 1 contains legal conclusions to which no response is required.  To the extent that a response is required, Valeant admits that this Court has subject matter jurisdiction.

2.      As its response to paragraph 2, Valeant admits that it conducts business in the State of California and that this Court has jurisdiction.

3.      As its response to paragraph 3, Valeant states that paragraph 3 contains legal conclusions to which no response is required.  To the extent that any response is required, Valeant admits that venue is proper in this Court.

## III.  THE PARTIES

4.      As its response to paragraph 4, Valeant states that it is without information or belief sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

-1-

5.      As its response to paragraph 5, Valeant admits that it is a limited liability company organized under the laws of Delaware with a principal place of business in Bridgewater, New Jersey.  Valeant further avers that its sole member is Valeant Pharmaceuticals International, a corporation organized under the laws of Delaware with a principal place of business in Bridgewater, New Jersey.

## IV.  RELEVANT FACTS

6.      As its response to paragraph 6, Valeant states that it is without information or belief sufficient to form a belief as to the truth of the allegations and therefore denies the same.

7.      As its response to paragraph 7, Valeant denies that it is a publicly-traded company.  Valeant is a single member limited liability company. The remaining allegations in paragraph 7 purport to characterize information allegedly taken from Valeant's website.  Valeant refers the Court to its website for a true and correct statement of its content and otherwise denies Plaintiff's characterizations of the information contained therein.

8.      As its response to paragraph 8, Valeant admits that its Executive Vice President, Chief Legal Officer and General Counsel, Robert Chai-Onn, sent the letter attached to Plaintiff's Complaint as Exhibit A to Plaintiff. Valeant refers the Court to that letter for a true and correct statement of its contents and otherwise denies Plaintiff's characterizations of the contents of the letter.

9.      As its response to paragraph 9, Valeant admits that it received the letter attached to Plaintiff's Complaint as Exhibit B on or around September 8, 2015.  Valeant refers the Court to that letter for a true and correct statement of its contents and otherwise denies Plaintiff's characterizations of the contents of the letter.

10.     As its response to paragraph 10, Valeant admits that it did not respond directly to the letter from Plaintiff's counsel.  Valeant denies that Plaintiff,

-2-

and/or its designated agent, have not been provided with invoices for Valeant medications and other documents proving that Plaintiff owes a substantial sum to Valeant.

11.    As its response to paragraph 11, Valeant denies that it has failed to provide Plaintiff with "a single shred of evidence to support its claims." To the contrary, Plaintiff and/or its designated agent have been provided with invoices for Valeant medications and other documents proving that Plaintiff owes a substantial sum to Valeant. As to the remaining allegations in paragraph 11, Valeant is without information or belief sufficient to form a belief as to the truth of the allegations and therefore denies the same.

## FIRST CAUSE OF ACTION

(Declaratory Relief)

12.    For its response to paragraph 12, Valeant incorporates by reference its response to paragraphs 1-11 of the Complaint.

13.    For its response to paragraph 13, Valeant admits that an actual controversy has arisen and now exists between Plaintiff and Valeant.

14.    For its response to paragraph 14, Valeant states that paragraph 14 contains legal conclusions to which no response is required. To the extent that any response is required, Valeant admits that Plaintiff has brought an action for declaratory relief seeking to avoid its obligations to pay Valeant.

15.    For its response to Paragraph 15, Valeant states that paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Valeant admits that a judicial declaration is necessary to ascertain the parties' respective rights and duties in this dispute.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would otherwise not bear under applicable law, Valeant asserts the following affirmative defenses:

-3-

1        1.    Plaintiff's Complaint fails to state a claim upon which relief

2    may be granted.

3        2.    Plaintiff lacks standing for its claim because it delegated its

4    rights and responsibilities to manage R&O Pharmacy to Isolani, LLC, its

5    designated agent pursuant to a written Management and Services Agreement, dated

6    November 2014.  Plaintiff avers that Isolani, LLC did not consent to the filing of

7    this lawsuit.

8        3.    Valeant reserves the right to interpose any and all additional

9    defenses available to it that may be later found applicable to this action.

10   **<u>PRAYER FOR RELIEF</u>**

11   WHEREFORE, Valeant requests that this Court:

12   1)    Dismiss Plaintiff's Complaint with prejudice;

13   2)    Enter judgment in its favor and against Plaintiff;

14   3)    Award Valeant its reasonable costs and expenses; and

15   4)    Grant it all further legal and equitable relief as this Court finds

16   to be just and proper.

17

18   Dated:    October 29, 2015

19   Michael H. Steinberg (SBN 134179)
     steinbergm@sullcrom.com

20   Brian R. England (SBN 211335)
     englandb@sullcrom.com

21   **SULLIVAN & CROMWELL LLP**
     1888 Century Park East, Suite 2100

22   Los Angeles, California 90067-1725
     Telephone:  (310) 712-6600

23   Facsimile:  (310) 712-8800

24   Attorneys for Defendant
     *Valeant Pharmaceuticals North*

25   *America LLC*

26

27

28

-4-