1    Michael H. Steinberg (SBN 134179)
     steinbergm@sullcrom.com
2    Brian R. England (SBN 211335)
     englandb@sullcrom.com
3    SULLIVAN & CROMWELL LLP
     1888 Century Park East, Suite 2100
4    Los Angeles, California 90067-1725
     Tel.:  (310) 712-6600
5    Fax:  (310) 712-8800

6    *Attorneys for Defendant and Counterclaimant*
     *Valeant Pharmaceuticals North America LLC*

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11    R&O PHARMACY, LLC, a         )    Case No. 2:15-cv-07846-SJO(JEMx)
     California limited liability        )
12    company,                  )    **VALEANT PHARMACEUTICALS**
                         )    **NORTH AMERICA LLC'S**
13            Plaintiff,         )    **COUNTERCLAIM AGAINST**
                         )    **R&O PHARMACY, LLC FOR**
14           v.                )    **BREACH OF CONTRACT;**
                         )    **UNJUST ENRICHMENT;**
15    VALEANT                 )    **ACCOUNTING; AND OPEN**
     PHARMACEUTICALS NORTH     )    **BOOK ACCOUNT**
16    AMERICA LLC, a Delaware      )
     limited liability company,       )    **DEMAND FOR JURY TRIAL**
17                            )
           Defendant.        )
18                            )
                           )
19    _____ )
                           )
20    VALEANT                 )
     PHARMACEUTICALS NORTH     )
21    AMERICA LLC, a Delaware      )
     limited liability company,       )
22                            )
           Counterclaimant,    )
23                            )
           v.               )
24                            )
     R&O PHARMACY, LLC, a         )
25    California limited liability        )
     company,                  )
26                            )
           Counterdefendant.    )
27                            )
                           )
28    _____ )

## COUNTERCLAIM

Defendant and Counterclaimant Valeant Pharmaceuticals North America LLC ("Valeant"), through its counsel, for its Counterclaim against Plaintiff and Counterdefendant R&O Pharmacy ("R&O"), alleges on knowledge as to itself and upon information and belief as to all other matters as follows:

## INTRODUCTION

1.      This is a collection action.  Since December 2014, R&O, and its authorized agent, Isolani, LLC ("Isolani") placed orders for *millions* of dollars of Valeant medications.  In response to those written purchase orders, addressed to Valeant, Valeant shipped its medications to R&O (labeled as originating from Valeant);  R&O then, in turn, acknowledged receipt of the Valeant medications, and then dispensed them to the public based upon specific prescriptions by physicians calling for Valeant medications.  For dispensing those Valeant medications to patients (obviously known to the pharmacist as being Valeant medications), R&O collected millions of dollars reimbursements from third-party payors.  R&O was then required to ensure that Valeant was paid for its medications.

2.      Contrary to the implausible allegations contained in the Complaint, where R&O pretends that Valeant does not have a "shred of evidence" to support R&O's significant debts to Valeant, each step in this process was accompanied by clear documentation.  Moreover, as the Pharmacist-in-Charge ("PIC") for R&O, Russell Reitz ("Reitz") personally oversaw and was responsible for this process.

3.      R&O's boast in its Complaint that Valeant could not come forward with a "shred" of evidence demonstrating R&O's indebtedness to Valeant is contradicted by purchase orders, invoices, packing slips and bills of lading, many of which were received—or even personally signed—by Reitz, the PIC.  In

1   the face of this evidence, R&O's claim that it owes nothing to Valeant simply not

2   credible.

3         4.   The relationship between R&O and Valeant at issue began in

4   December 2014.  At that time, R&O, acting through its authorized agent, Isolani,

5   LLC ("Isolani"), entered into a contract with Philidor Rx Services, LLC

6   ("Philidor"), which provides certain administrative services for pharmacies.

7   Valeant understands that Philidor agreed there to provide administrative services to

8   assist R&O fill prescriptions for Valeant medications, including inventory

9   management services.  Pursuant to that written agreement, Philidor began

10   facilitating product orders for Valeant medications on R&O's behalf.  Copies of

11   these purchase orders, together with the associated invoices, were provided to

12   Reitz and R&O.

13         5.   Valeant filled these purchase orders by sending medications

14   directly to R&O.  Between December 2014 and August 2015, Valeant sent R&O

15   approximately 75 shipments of Valeant medications.  For each of these shipments,

16   Reitz or another R&O employee signed the bill of lading signifying that the

17   shipment had been received by R&O.  Afterwards, Reitz or another R&O

18   employee would compare the medications in the shipment to the list of

19   medications on the associated invoices to confirm that all of the ordered Valeant

20   medications were present in the shipment.  Reitz or the employee acting at his

21   direction would then sign the purchase order "Complete" to show that the order

22   had been completed.

23         6.   Once R&O had taken possession of the Valeant medications,

24   Reitz used them to fill prescriptions to patients.  When Reitz filled a prescription

25   for a Valeant medication, R&O or its agent was responsible for collecting money

26   from third-party payors for the Valeant medications that R&O dispensed.  R&O

27   was then required ensure that Valeant was paid for its medications, and from

28

-2-

1 | March to July 2015, Isolani, on behalf of R&O, made payments to Valeant of
2 | approximately $18.4 million.

3 |        7.    After July, R&O (through Reitz) continued to dispense Valeant
4 | medications and continued to collect third-party reimbursements for those
5 | prescriptions.  As with the amounts R&O had previously collected on Valeant's
6 | behalf, R&O had a duty to ensure that Valeant was paid for its medications.  In
7 | direct contravention of his duties, agreements and past practice, however, Reitz
8 | refused to make these payments to Valeant.  Accordingly, Valeant ceased shipping
9 | medications to R&O and demanded, on September 4, 2015, that R&O turn over all
10 | amounts owed to Valeant.

11 |        8.    In response to this demand, R&O, through counsel, refused to
12 | provide the amounts that R&O collected on these sales and then made the
13 | incredible claim that he had never received a single invoice from Valeant.  As
14 | shown herein and in the attached exhibits, Reitz's claim has no basis in fact.

15 |        9.    Through this Action, Valeant seeks to obtain all amounts
16 | rightfully due to it through R&O's sales of Valeant medications.

17 | **THE PARTIES**

18 |       10.    Valeant is a limited liability company organized under the laws
19 | of Delaware with a principal place of business in Bridgewater, New Jersey.
20 | Valeant has a single member, Valeant Pharmaceutical International, a corporation
21 | organized under the laws of Delaware with a principal place of business in
22 | Bridgewater, New Jersey.

23 |       11.    R&O is a limited liability company organized under the laws of
24 | California with a principal place of business in Camarillo, California.  R&O has
25 | two members:  Russell Reitz, an individual residing in the State of California; and
26 | Isolani LLC ("Isolani"), a limited liability company organized under the laws of
27 | Delaware with its principal place of business in Horsham, Pennsylvania.  Isolani's

28 |

-3-

1  sole member is Eric Rice, an individual residing in the Commonwealth of

2  Pennsylvania.

## JURISDICTION AND VENUE

4       12.     This Court has subject matter jurisdiction over this action

5  pursuant to 28 U.S.C. § 1332(a).  This is an action between citizens of different

6  states.  The amount in controversy exceeds $75,000.

7       13.     This Court has personal jurisdiction over R&O because it

8  instituted this action in this Court.  Moreover, this Court has personal jurisdiction

9  over R&O because it has regularly done business, and performed the acts

10  complained of herein, within the State of California.

11       14.     Venue is proper in this judicial district as to R&O pursuant to

12  28 U.S.C. § 1391(b)(1) because R&O is a resident of this judicial district.  Venue

13  is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the

14  events or omissions giving rise to the claims herein occurred in this judicial

15  district.

## RELEVANT FACTS

17       15.     This collection action arises out of the common and every day

18  process of consumers getting prescription medication. A patient suffers from an

19  ailment, and sees a doctor for treatment.  For an individual suffering from toe-

20  fungus, a doctor may write a prescription for a medication, such as Jublia®, a

21  topical anti-fungal medication manufactured exclusively by Valeant.  The patient

22  then takes that prescription to a pharmacy.  The pharmacy confirms certain basic

23  information about the patient, the doctor, the prescription, and insurance coverage.

24  If the pharmacy confirms the relevant information, it then dispenses the medication

25  to the patient, collects any co-payment from the patient, and then submits a bill to

26  the relevant third-party payor, for instance an insurance company.  Of course, the

27  pharmacy must also pay the drug manufacturer for the medications dispensed.  It is

28  in the last step that this process broke down here.

-4-

16.     Valeant develops, manufactures, and markets pharmaceutical medications throughout the United States.  Valeant's areas of focus include prescription dermatology, eye health, aesthetics, consumer products, oral health, neurology, and other therapeutic areas.

17.     As one channel for dispensing its pharmaceutical products, Valeant works with specialty pharmacies that provide prescription services to patients across the country.

18.     Philidor is a pharmacy licensed in Pennsylvania and is one of Valeant's pharmacy partners through its pharmacy channel.  Philidor, through a contractual relationship with Valeant, provides back-end services to a network of pharmacies in the United States that dispense Valeant's product.  Pharmacies in Philidor's network are responsible for receiving and adjudicating patients' prescription, which requires them to ensure that the prescriptions are valid, determine the extent of patients' insurance coverage and the patient's co-payment obligations, dispense pharmaceutical products to the patients, and collect co-payments from patients and reimbursement checks from insurance companies.

19.     R&O operates a pharmacy located at 651 Via Alondra, Units 708 and 709, Camarillo, California 93012 (the "Pharmacy") that offers prescription services to consumers throughout California.  Reitz is the PIC at the Pharmacy.

20.     Valeant understands that Isolani was formed in October 2014 for the purpose of acquiring Reitz's membership interest in R&O and operating the Pharmacy.

21.     To that end, Isolani executed a Purchase and Sale Agreement (the "Purchase Agreement") with Reitz and R&O in November 2014.  As a result, Isolani currently holds a 10% equity stake in R&O and the right to acquire the remaining 90% of R&O's equity upon approval by the California Board of Pharmacy.  A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A.

-5-

22.     Valeant further understands that Isolani also entered into a Management Services Agreement ("MSA") with Reitz and R&O, also in November 2014, providing that Isolani will act as the administrator of the Pharmacy until the transaction set forth in the Purchase Agreement is completed. Pursuant to the MSA, and subject to the PIC's responsibility for compliance with State and Federal law governing the practice of pharmacy, Reitz and R&O agreed to delegate full responsibility for the day-to-day administrative operations of the Pharmacy to Isolani.  A true and correct copy of the MSA is attached hereto as Exhibit B.

23.     Although Isolani was to act as the administrator of R&O under the MSA, Reitz continued to act as the PIC at the Pharmacy and was responsible for ensuring that the pharmacy complied with all State and Federal laws regarding the practice of pharmacy.  Valeant further understands that, concurrent with the Purchase Agreement and the MSA, Philidor offered to employ Reitz as the PIC at the Pharmacy for a period of 18 months beginning in November, 2014.  Reitz accepted this offer of employment.

24.     As PIC, Reitz continued filling prescriptions and collecting third-party reimbursements for dispensed medications.  Moreover, R&O had an obligation under the Purchase Agreement to continue to diligently run the Pharmacy in the ordinary course of business prior to the closing of the transaction.

25.     Valeant understands that, at Isolani's request, Philidor provided inventory management services that projected the amount of Valeant medication that R&O would require on a periodic basis and ordered such medications from Valeant on behalf of R&O.In December 2014, Russell Reitz sent an email confirming both that he knew full well that R&O would be dispensing Valeant medications and that he was eager to start doing so.  Reitz's email, a true and correct copy of which is attached hereto as Exhibit D, showed his excitement

-6-

about the new relationship:  "We are eager to begin adjusting our service to start dispensing VRX products via Philidor Rx services."

26.     Between December 2014 and August 2015, Philidor, acting on behalf of R&O as R&O's designated agent, ordered large quantities of Valeant's medications.  The order process began when Philidor emailed a purchase order for medications to Valeant.  Valeant responded to the purchase orders by sending an invoice, on Valeant letterhead, noting R&O as the party to receive the medications and the party liable for payment.  R&O and Reitz were copied on the purchase orders sent by Philidor to Valeant, and Philidor also forwarded Valeant invoices to R&O and Reitz.  For the Court's reference, Valeant has gathered an exemplar of the documents used when R&O placed an order for Valeant medications.  The attached exhibits all relate to the same order from R&O, specifically, Product Order No. 31019.  A true and correct copy of an email dated April 16, 2015 from Philidor to Valeant—copying Reitz—attaching  Product Order No. 31019, is attached hereto as Exhibit E.  A true and correct copy of the Valeant invoice for Product Order 31019, listing R&O Pharmacy as both the party to receive the bill and the shipment, is attached hereto and marked as Exhibit F.

27.     R&O was identified on product orders and product invoices as the recipient of these Valeant medications.  Valeant shipped its pharmaceutical products directly to the Pharmacy.  When the Valeant products arrived at the Pharmacy, Reitz or another R&O employee would accept delivery of the goods and sign the bill of lading.  A true and correct copy of a bill of lading for Product Order No. 31019—*signed by Reitz*—is attached hereto as Exhibit G.  Each shipment was also accompanied by a packing slip itemizing each Valeant product included in the shipment to R&O.  A true and copy of the packing list for Product Order No. 31019, which includes Valeant's logo at the top and a detailed listing of the Valeant medications included, is attached hereto as Exhibit H.

-7-

28.     After receiving a shipment of Valeant medications, Reitz or another R&O employee would then compare the products in the shipment with the purchase order for that shipment to ensure that all ordered goods were present. Reitz or another R&O employee would then check off each item on the purchase order to signify that it had arrived.  When all items on the purchase order had arrived, Reitz or another R&O employee would make a notation on the purchase order indicating that it was "Complete".

29.     Under the terms of the purchase orders, R&O had 45 days in which to pay for the Valeant medications.

30.     Between January and August 2015, R&O filled numerous prescriptions for Valeant's pharmaceutical products.  According to the process set forth in the MSA, R&O collected reimbursements checks from patients' insurance companies for these filled prescriptions.  These functions were performed by Reitz in his role as the Pharmacy's PIC.

31.     From March through July 2015, Valeant received payments for medications sold to R&O totaling approximately $18.4 million.  Valeant received the last of these payments on July 16, 2015.

32.     After July 16, 2015, Reitz continued to fill prescriptions for Valeant medications and dispensed those medications to patients.  Reitz also collected patient co-payments and third-party reimbursements for those medications.  After July 16, however, Valeant did not receive payments for the medications it delivered to R&O.  As of August 31, 2015, R&O had a payable balance for Valeant medications with a combined total manufacturer's list price of $69,861,343.08.

33.     Because R&O had been authorized to utilize Valeant's co-payment assistance program for dispensing these Valeant products, R&O did not collect the full $69,861,343.08 in co-payments and reimbursement checks. Valeant estimates that the total co-payments and reimbursement checks actually

-8-

1  collected by R&O as payment for the prescriptions it dispensed amount to
2  approximately $19.3 million.[1]

3         34.     Moreover, R&O is still retaining Valeant products in its
4  inventory having a combined manufacturer's list price of approximately $6 million
5  as of August 31, 2015.

6         35.     On September 4, 2015, Valeant sent a written demand to R&O
7  notifying it of the outstanding amounts withheld by R&O and due to Valeant.  The
8  demand letter informed R&O that Valeant would take any and all actions
9  necessary to ensure that it is paid all amounts due to it and to seek any and all
10  damages incurred by Valeant as a result of R&O's wrongful withholding of those
11  amounts.

12         36.     On September 8, 2015, R&O's counsel responded on behalf of
13  R&O to Valeant's September 4 demand letter.  R&O's counsel stated that
14  Valeant's demand came as "a complete surprise" and that "Mr. Reitz and R&O
15  have never received a single invoice" from Valeant.  By this response, R&O has
16  made clear that it intends to remain in wrongful possession of the funds owed to
17  Valeant for the purchase of Valeant medications, despite its contractual obligations
18  otherwise.

19         37.     Finally, on October 6, 2015, R&O filed its Complaint for
20  Declaratory Judgment with this Court.  The Complaint contains misleading
21  allegations regarding R&O's numerous, well-documented transactions with
22  Valeant.  As noted above, R&O entered into numerous product order contracts
23  with Valeant through its designated purchasing agent Isolani for the purpose of
24  procuring Valeant's pharmaceutical products.  By refusing to honor its obligation
25
26
27  _____
[1]     Because R&O has been uncooperative in reporting the amounts of co-
28  payments and reimbursements checks that it collected for the products it dispensed,
Valeant is uncertain of the exact amount wrongfully retained by R&O.

COUNTERCLAIM

1  to turn over the funds owed to Valeant on those contracts, R&O has caused

2  Valeant substantial harm.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract)**

5   38.   Valeant incorporates by reference the allegations of paragraphs

6  1 through 37 of the Counterclaim as though fully set forth herein.

7   39.   From December 2014 to July 2015, Isolani, acting as the

8  authorized agent of R&O, placed numerous written product orders for

9  pharmaceutical products from Valeant.  These product orders constitute binding

10  contracts between the parties.

11   40.   Pursuant to the terms of these product orders, Valeant shipped

12  the pharmaceutical products directly to R&O.

13   41.   R&O received, and confirmed receipt, of the Valeant

14  pharmaceutical products.

15   42.   R&O then dispensed the pharmaceutical products to patients

16  pursuant to physician prescriptions.  R&O also collected payments from third-party

17  payors such as insurance companies.  Pursuant to its contractual obligations, R&O

18  was then required to cause Valeant to be paid for its medications.

19   43.   Beginning in July 2015, in direct breach of its obligations,

20  R&O and Reitz refused to cause Valeant to be paid for these medications,

21  wrongfully appropriating the payments for itself and for Reitz.

22   44.   At all times, Valeant has complied with and satisfied all of its

23  contractual obligations.

24   45.   As a direct and proximate result of R&O's breach of its

25  obligations, Valeant has incurred substantial damages in an amount to be proven at

26  trial, but well in excess of this Court's jurisdictional minimum.

27

28

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

46.     In the alternative to Valeant's claim for breach of contract, Valeant incorporates by reference the allegations of paragraphs 1 through 45 of the Counterclaim as though fully set forth herein.

47.     R&O, through its designated purchasing agent Isolani, ordered large quantities of pharmaceutical products from Valeant.

48.     R&O did not make any payments to Valeant for these medications at the time of delivery.

49.     R&O dispensed prescriptions Valeant medications to patients and collected reimbursement checks from insurance companies intended to pay for those Valeant medications dispensed.

50.     R&O refuses to turn these payments over to Valeant, thereby becoming unjustly enriched by using Valeant's medicine for its own benefit.

51.     As a result, R&O has unjustly received benefits amounting to approximately $25,000,000, which it has wrongfully retained under circumstances which are unjust and inequitable.

## THIRD CAUSE OF ACTION

### (Accounting)

52.     Valeant incorporates by reference the allegations of paragraphs 1 through 51 of the Counterclaim as though fully set forth herein.

53.     R&O has wrongfully retained reimbursement checks that rightfully belong to Valeant.

54.      Valeant is unable to determine the precise amount of the payments R&O has received on behalf of Valeant because R&O refuses to disclose any information about these payments to Philidor, or Isolani.

55.     Without an accounting, Valeant cannot determine the precise amount that R&O is wrongfully withholding from Valeant.

-11-

1    56.    Valeant is therefore entitled to an accounting showing the full
2    amount of all co-payments and reimbursement checks that R&O has accepted on
3    Valeant's behalf.

4    **<u>FOURTH CAUSE OF ACTION</u>**

5    **(Open Book Account)**

6    57.    Valeant incorporates by reference the allegations of paragraphs
7    1 through 56 of the Counterclaim as though fully set forth herein.

8    58.    As detailed above, Valeant and Isolani or Philidor, acting as the
9    designated agent for R&O, entered into multiple financial transactions through
10   which R&O placed orders for Valeant medications, received those medications,
11   sold them to patients and received payment from the patients and other third
12   parties.  Since July 16, 2015, R&O has refused to make its required payments to
13   Valeant for these goods.

14   59.    Valeant kept an account of the orders and payments involved in
15   these transactions.

16   60.    As a result of its failure to pay Valeant, R&O owes Valeant
17   money on this account.

18   61.    The amount of money owed by R&O is at least $25,000,000.

19

20

21

22

23

24

25

26

27

28

-12-

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Valeant respectfully requests judgment against R&O as follows:

A.      Preliminary injunctive relief commanding R&O to provide an accounting of all co-payments and reimbursement checks received and to which Valeant is entitled;

B.      An award of actual damages according to proof, together with interest thereon;

C.      Prejudgment interest according to proof;

D.      Costs of suit, and

E.      Such other and further relief as the Court deems just and proper.

Dated:      October 29, 2015

Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone:   (310) 712-6600
Facsimile:   (310) 712-8800

Attorneys for Defendant and
Counterclaimant
*Valeant Pharmaceuticals North
America LLC*

-13-

## DEMAND FOR TRIAL BY JURY

Defendant and Counterclaimant Valeant Pharmaceuticals North America LLC hereby demands a trial by jury.

Dated:    October 29, 2015

Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone:   (310) 712-6600
Facsimile:   (310) 712-8800

Attorneys for Defendant and Counterclaimant
*Valeant Pharmaceuticals North America LLC*

-14-