Gary Jay Kaufman, Esq. (State Bar No. 92759)
*gary@kaufmanlawgroupla.com*
Colin Hardacre, Esq. (State Bar No. 250915)
*colin@kaufmanlawgroupla.com*
Jonathan M. Genish, Esq. (State Bar No. 259031)
*jgenish@kaufmanlawgroupla.com*
THE KAUFMAN LAW GROUP
1801 Century Park East, Suite 1430
Los Angeles, California 90067
Telephone: (310) 286-2202
Facsimile: (310) 712-0023

Attorneys for Plaintiff and Counterdefendant,
R&O Pharmacy, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R&O PHARMACY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VALEANT PHARMACEUTICALS NORTH AMERICA LLC, a Delaware limited liability company,<br><br>Defendant.<br><br>And related counterclaim. | Case No. 2:15−cv−07846−SJO−JEMx<br><br>**R&O PHARMACY, LLC'S *EX PARTE* APPLICATION FOR A <u>ONE WEEK</u> CONTINUANCE OF THE HEARING ON VALEANT PHARMACEUTICALS NORTH AMERICA LLC'S MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed concurrently with Declaration of Colin Hardacre in Support and [Proposed] Order]**<br><br>Current hearing date: January 4, 2016<br>Requested hearing date: January 11, 2016 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff and Counterdefendant R&O Pharmacy, LLC ("R&O") hereby applies *ex parte* for an order 1) continuing the hearing on Defendant and Counterclaimant Valeant Pharmaceuticals North America LLC's ("Valeant") Motion for a Preliminary Injunction (Docket # 23, the "Motion") by one week, from January 4, 2016 to January 11, 2016; and 2) extending the due dates for R&O's opposing papers and Valeant's reply papers to December 21, 2015 and December 28, 2016, respectively, per Local Rule 7-11.

The accompanying Memorandum of Points and Authorities and Declaration of Colin Hardacre demonstrate good cause for the requested relief, in that:

1. R&O's counsel requires more time to research, review and analyze the complex legal and factual issues raised by the Motion;

2. The current hearing date and briefing schedule conflict with long-scheduled family trips and vacations for R&O's counsel's attorneys and staff;

3. There have been no prior requests for continuance or extension in connection with the Motion;

4. To the extent Valeant claims that time is of the essence for their Motion, any alleged exigency was created by Valeant's over three-month delay in filing the Motion.

This application is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Colin Hardacre and all records, pleadings and papers on file in this action, and upon such further oral or documentary evidence as may be presented at or before the hearing on this application, if any.

Pursuant to Local Rule 7-19, R&O first sought a stipulation of the requested relief from Valeant's counsel Michael H. Steinberg (steinbergm@sullcrom.com) and Brian R. England (englandb@sullcrom.com) of SULLIVAN & CROMWELL LLP, 1888 Century Park East, Suite 2100, Los Angeles, California 90067-1725, (310) 712-6600, through several emails and a telephonic discussion. Valeant's counsel would not agree

to stipulate and R&O's counsel informed Valeant's counsel that R&O would be making this application for *ex parte* relief.  Valeant's counsel indicated that they intend to oppose the application.

DATED:  December 9, 2015                THE KAUFMAN LAW GROUP

                                                                By: _____/s/_____
                                                                     Colin Hardacre
                                                                     Attorneys for Plaintiff and
                                                                     Counterdefendant
                                                                     R&O Pharmacy, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Valeant waited more than three months to file its Motion for Preliminary Injunction (the "Motion"), and now refuses to grant R&O a one-week continuance that would allow R&O's counsel adequate time to prepare its opposition and accommodate the holiday schedule of R&O's counsel's attorneys and staff.

Valeant has known of the alleged circumstances underlying the Motion for at least three months (and likely much longer), yet chose for its own strategic purposes to file the Motion on Monday, December 7, 2015, giving R&O one week to respond. On Tuesday, December 8, 2015, R&O's counsel reached out to Valeant's counsel requesting that they stipulate to a two-week continuance of the hearing date. On Wednesday, December 9, 2015, Valeant refused. Later that day, R&O asked Valeant's counsel whether they would at least agree to a one-week continuance. Valeant again refused, necessitating this *ex parte* application.

## II.    FACTS

On September 4, 2015, Valeant's Chief Legal Officer and General Counsel sent R&O a letter demanding payment in the amount of $69,861,343.08. (*See* Docket #1, "Complaint," ¶ 8). In response, R&O filed this declaratory relief action on October 6, 2015.

According to Valeant, part of the dispute referred to in the September 4 letter involves reimbursement checks from insurance companies **payable to R&O**, to which Valeant claims it is entitled. (*See generally* Docket # 16, "Counterclaim," ¶ 49-50). Importantly, Valeant has not alleged that any of those reimbursement checks are payable out to Valeant.

Valeant filed the Motion on December 7, 2015. (Hardacre Decl., ¶ 2). The next day, R&O's counsel requested that Valeant's counsel stipulate to a two-week continuance of the hearing on the Motion, in order to avoid filing an *ex parte* application. (Hardacre Decl., ¶ 2). Valeant's counsel responded that it would perhaps

consider a continuance, but only if R&O agreed to "take basic steps to ensure that Valeant is not prejudiced by the delay R&O seeks." (Hardacre Decl., ¶ 3, Ex. 2).

R&O's counsel responded by pointing out that Valeant waited at least 12 weeks to file its Motion and circumstances had not changed, but in the spirit of compromise and to avoid an *ex parte* application, asked if Valeant would consider stipulating to a one-week continuance. (Hardacre Decl., ¶ 4, Ex. 2).

During a telephone call, Valeant's counsel refused to stipulate to the one-week continuance without conditions, based on their argument that the continuance would put some of the checks R&O has in its possession at more than six months old and thus subject to expiration. (Hardacre Decl., ¶ 5). However, Valeant has still failed to identify a single, solitary check that is about to expire. (Hardacre Decl., ¶ 8). Moreover, Valeant's counsel stated that Valeant timed the hearing on the Motion so that the oldest checks would be just about to turn six months old on January 4, 2016. (Hardacre, Decl., ¶ 5).

R&O's counsel then informed Valeant's counsel that R&O would be filing the instant *ex parte* application. (Hardacre Decl., ¶ 6). Valeant's counsel informed R&O's counsel that Valeant would oppose the application. (Hardacre Decl., ¶ 7).

R&O's counsel requires more time to research, review and analyze the complex legal and factual issues raised by the Motion. (Hardacre Decl., ¶ 9). The current hearing date and briefing schedule conflict with long-scheduled family trips and vacations for R&O's counsel's attorneys and staff. (Hardacre Decl., ¶ 10, 11).

There have been no prior requests for continuance or extension in connection with the Motion. (Hardacre Decl., ¶ 13).

The Court previously noticed a Scheduling Conference for December 28, 2015. Valeant's counsel asked R&O's counsel to stipulate to a continuance of that date to accommodate his vacation schedule. (Hardacre Decl., ¶ 12). Of course, R&O's counsel immediately agreed to such continuance without any conditions. (Hardacre Decl., ¶ 12).

### III.   ARGUMENT

Pursuant to Federal Rules of Civil Procedure Rule 6(b)(1), the court may, for good cause shown, extend the time for filing opposition papers *without a formal motion* if the request is made *before* the original time (or an earlier extension) has expired.

"Good cause" is *liberally* construed so that requests made before the applicable deadline are *normally granted* "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.* (9th Cir. 2010) 624 F3d 1253, 1259.

Good cause exists to grant this application in that R&O's counsel requires more time to research, review and analyze the complex legal and factual issues raised by the Motion. (Hardacre Decl., ¶ 9).  The current hearing date and briefing schedule conflict with long-scheduled family trips and vacations for R&O's counsel's attorneys and staff. (Hardacre Decl., ¶ 10, 11).  There have been no prior requests for continuance or extension in connection with the Motion.  (Hardacre Decl., ¶ 13).

To the extent Valeant claims that time is of the essence for their Motion, any alleged exigency was created by Valeant.  Valeant knew about these checks, all of which are in R&O's name, since at least September 4, 2015 and probably long before then.  Yet, Valeant chose to wait to file the Motion so that they could feign irreparable harm by arguing that certain checks (that they have not even identified) were about to become stale.  Of course, even if some checks were to expire, that would not harm Valeant, as the checks are payable to R&O and could be reissued by the appropriate insurance companies.  Valeant's refusal is especially disturbing given that R&O's counsel readily agreed to stipulate to a continuance of the Initial Status Conference in this matter based upon Valeant's counsel's own vacation schedule.   (Hardacre Decl., ¶ 12).

R&O seeks only a short one-week extension to adequately prepare its opposition and accommodate its attorneys' holiday plans, yet Valeant has improperly refused this professional courtesy based on an emergency that they created for strategic purposes.

Based on the foregoing, R&O respectfully requests that this Court grant the instant *Ex Parte* application and continue the hearing on the motion one week to January 11, 2016.

DATED: December 9, 2015                    THE KAUFMAN LAW GROUP

By: _____/s/_____
Colin Hardacre
Attorneys for Plaintiff and
Counterdefendant
R&O Pharmacy, LLC